```
USDC SDNY Broderick, N.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES ABATE, ANDREW BANG and D. WAYNE ROBINSON

    *Plaintiffs*,

-against-

FIFTH THIRD BANK

    *Defendant.*

ECF CASE (VSB)

13 CV 9078

STIPULATION
AND [PROPOSED]
PROTECTIVE ORDER FOR
CONFIDENTIAL NFORMATION

---

    WHEREAS plaintiffs James Abate, Andrew Bang and D. Wayne Robinson ("Plaintiffs") and defendant Fifth Third Bank ("Defendant," together with Plaintiffs, the "Parties," and each a "Party") recognize that certain information related to the subject matter of this action is sensitive and confidential, the Parties stipulate and agree as follows:

    1.    **Applicability of this Protective Order:**  This Protective Order for Confidential Information (the "Protective Order") governs any proceedings or hearings held in this action and will also be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties in this action that give testimony or produce documents or other information to parties and to non-parties; "Receiving Party" shall refer to the parties in this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Section 3 of this Protective Order to obtain access to Confidential Information or the contents of such Discovery Material.

1

2. **Designation of Information:** Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information as defined as follows:

    a. For purposes of this Protective Order, "Confidential Information" means any data or information that constitutes, reflects, or discloses non-public know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. A party may also designate as "Confidential" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

3. **Persons Authorized to Receive Confidential Information.** The following persons may have access to materials designated as "Confidential":

    a. A Party, or officers, directors, and employees of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. Counsel for a Party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel);

    c. Individuals at or affiliated with any insurer with responsibility for managing this litigation in connection with the insurer's potential liability to satisfy all or part of a possible judgment in this action, including, but not limited to, claims personnel, underwriters,

auditors, reviewers, regulatory personnel, and outside reinsurers, who have signed the form attached hereto as Exhibit A;

    d.  this Court, including any appellate court, its support personnel, and court reporters;

    e.  Court reporters engaged to transcribe depositions the Parties conduct in this action;

    f.  Consulting or testifying experts retained by counsel for a party in connection with this proceeding (the "Retaining Party"), provided that any such expert (1) is not employed by, or affiliated with a consultant to a competitor of the Party whose Confidential Information is to be disclosed (the "Other Party"); (2) is not employed by, or affiliated with a consultant to a supplier, customer, or entity otherwise related to the Other Party; and (3) does not have a continuing business relationship with the Other Party or its related entities beyond litigation support in this case;

    g.  Any other consulting or testifying expert who is assisting counsel for a Party in connection with this proceeding, provided that the requirements of Section 5 of this Order have been satisfied with respect to such expert;

    h.  A testifying witness at any deposition or other proceeding in this action (but such witness shall not retain any physical copies of Confidential Information unless otherwise agreed by the Parties); and

    i.  Any other person as to whom the Parties in writing agree or that the Court in these proceedings designates.

  4.  Any copies, summaries, abstracts, or exact duplications of Confidential Information shall be marked "Confidential" and shall be considered Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this Section,

3

regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information.

5. With the exception of court personnel, any person, prior to receiving any Confidential Information, shall be provided with a copy of this Protective Order and shall acknowledge in writing, in the Acknowledgement attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it. Thereafter, the Receiving Party shall obtain from such person a completed and signed copy of said Acknowledgement and serve by electronic mail a copy of said Acknowledgement upon counsel for the other Party. Execution of an Acknowledgment by any person is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of this Protective Order.

6. Upon receipt of the information described in Section 5, the Other Party shall have twenty (20) calendar days to serve a written objection to the proposed disclosure of its Confidential Information, which shall state with specificity the reasons for such objection. If counsel for the Other Party so objects, there shall be no disclosure (and if already made, such disclosure shall be returned and retrieved) to such person except by further order of the Court pursuant to a motion brought by the Retaining Party.

7. Confidential Information shall be used only for the purpose of conducting discovery, preparing for pre-trial proceedings, and trial of this action and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

8. Confidential Information or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person permitted to have access under the terms of this Protective Order.

9. The inadvertent failure to designate information produced in discovery as Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information. Disclosure of such Discovery Materials to any

4

other person prior to a later designation of the discovery materials in accordance with this Section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Section 2(a) of this Protective Order.

10. Any of the parties to this action can challenge the designation of materials as "Confidential" under this Protective Order. The failure of a Party, at the time it receives Confidential Information, to challenge or object to the "Confidential" designation shall not be deemed a waiver of its right to challenge or object to the Confidential designation at any later time. In the event that any Party desires to challenge at any time the designation of "Confidential" materials, the challenging Party shall, pursuant to Local Rule 26-7, first consult with the Party that made the challenged designation and, if the Parties cannot reach agreement as to the appropriate designation for such materials, may thereafter seek appropriate relief from the Court [in accordance with the Court's Individual Rules and Practices in Civil Cases]. Any contested information shall continue to be treated as Confidential and subject to this Protective Order until such time as such motion has been ruled upon.

11. If a Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information, the Receiving Party shall immediately notify in writing the Producing Party. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

12. Any person in possession of Confidential Information must exercise reasonable and appropriate care with regard to the storage, custody and use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

13. Any Party or non-party may designate depositions and other testimony (including exhibits) as "Confidential" by indicating within thirty (30) calendar days of receiving the final

5

transcript that the entire testimony or portions thereof shall be designated as "Confidential." If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential Information. If no confidentiality designations are made within the thirty (30) calendar day period, the entire transcript shall be considered non-confidential. During the thirty (30) calendar day period, the entire transcript and video shall be treated as confidential. All originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

14. Nothing in this Protective Order shall bar or otherwise restrict any counsel (including a Party's in-house counsel) from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential."

15. Each Party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information that the Receiving Party received through discovery in this action and that injunctive relief may be appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Confidential Information.

16. If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential Information pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by hand, facsimile, or electronic mail transmission to all counsel of record for such Producing Party no later than ten (10) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be

required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. In the event a Producing Party objects to the production of the Confidential Information in any manner, the Receiving Party shall not disclose or produce any Confidential Information absent a direct court order to do so. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential Information shall not constitute a violation of this Protective Order.

17. Within thirty (30) calendar days after the final disposition of this action, all Confidential Information produced by an opposing Party or non-party (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the parties to whom the Confidential Information was produced; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information, but only to the extent necessary to preserve a litigation file with respect to this action.

18. This Protective Order may be signed in counterparts, and a facsimile or "PDF" signature shall have the same force and effect as an original ink signature.

19. The obligations of this Protective Order shall survive the termination of the action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Dated: New York, New York
August 4, 2015

| | |
|---|---|
| PRYOR CASHMAN LLP<br><br>By: _/s/ James S. O'Brien, Jr._<br>James S. O'Brien, Jr.<br>jobrien@pryorcashman.com<br>Andrew M. Goldsmith<br>agoldsmith@pryorcashman.com<br>7 Times Square<br>New York, New York 10036-6569<br>Telephone: (212) 421-4100<br><br>*Attorneys for Defendant Fifth Third Bank* | HOGUET NEWMAN<br>REGAL & KENNEY, LLP<br><br>By: _/s/ Joshua D. Rievman_<br>Joshua D. Rievman<br>jrievman@hnrklaw.com<br>Marc Aaron Melzer<br>mmelzer@hnrklaw.com<br>10 East 40th Street<br>New York, New York 10016-0301<br>Telephone: (212) 689-8808<br><br>*Attorneys for Plaintiffs* |

IT IS SO ORDERED.

DATED this 4th day of August, 2015.

*Vernon Broderick*

HON. VERNON S. BRODERICK

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES ABATE, ANDREW BANG and D. WAYNE ROBINSON

        *Plaintiffs*,

-against-

FIFTH THIRD BANK

        *Defendant*.

ECF CASE (VSB)

13 CV 9078

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

    I, _____ declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job title is _____.

4. I have received a copy of the Protective Order filed in the above-entitled action, signed by the Court on _____.

5. I have carefully read and understand the provisions of the Protective Order.

6. I certify that I am eligible to have access to materials designated as

    [ ] Confidential

under the terms of the Protective Order.

7. I agree to be bound by all provisions of the Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information disclosed to me.

11

9. I will return all Confidential Information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained or from whom I received it at the conclusion of my retainer or at the final termination of the litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
(Signature)