UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                               :

JAMES ABATE, et al.,               :
                               :

                     Plaintiffs,  :

                               :

          - against -         :

                               :

FIFTH THIRD BANK,          :

                               :

                   Defendant.  :

                               :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/2019

13-CV-9078 (VSB)

**OPINION & ORDER**

Appearances:

Joshua D. Rievman
Raquel O. Alvarenga
Cohen Tauber Spievack & Wagner, P.C.
New York, New York
*Counsel for Plaintiffs*

C. Neil Gray
Samuel Kadosh
Reed Smith LLP
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Plaintiffs James Abate, Andrew Bang, and D. Wayne Robinson (together, "Plaintiffs"),

former holders of membership interests in Drexel Hamilton Investment Partners, LLC ("DHIP"),

bring this action against Fifth Third Bank ("Fifth Third" or "Defendant") asserting claims for

promissory estoppel, fraud, breach of contract, and breach of the implied covenant of good faith

and fair dealing, all premised on Fifth Third's failure to provide a loan to DHIP. Before me is

Plaintiffs' motion to (1) vacate my March 27, 2018 Opinion & Order ("March 2018 Opinion")

pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and (2) amend their First

Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to add

DHIP as a plaintiff.  Because Plaintiffs fail to demonstrate any extraordinary circumstances

justifying the filing of, and relief sought by, their motion, Plaintiffs' motion is DENIED.

## I.        <u>Background and Procedural History</u>[1]

Plaintiffs commenced this action by filing their Complaint on December 23, 2013.  (Doc.

1.)  Plaintiffs asserted claims for:  (1) promissory estoppel; (2) fraud; (3) breach of contract; and

(4) breach of the implied covenant of good faith and fair dealing.  (*Id.*)  I held a pre-motion

conference on March 13, 2014, at which Defendant's motion to dismiss the Complaint on the

ground that Plaintiffs lacked standing to assert claims based on alleged injury to DHIP was

discussed.  At no point during the conference did Plaintiffs indicate or mention amending the

Complaint to add DHIP as a party.  On that same day, I entered a Case Management Plan and

Scheduling Order which provided that "[n]o additional parties may be joined after 3/28/2014

without leave of the Court."  (Doc. 13.)  The Order also stated that "[n]o additional causes of

action or defenses may be asserted after the date set by the Fed. R. Civ. P. without the leave of

Court."  (*Id.*)  I further ordered that "[a]ll fact discovery [is] to be completed no later than 180

days after resolution of Defendant's planned motion to dismiss," and provided deadlines for

other forms of discovery.  (*Id.*)

On April 21, 2014, Defendant filed its motion to dismiss the Complaint, arguing that

Plaintiffs lacked standing to bring their suit.  (Doc. 19.)  On May 9, 2014, Plaintiffs filed the

First Amended Complaint without adding any additional parties or causes of action.  (Doc. 22.)

At my request, the parties submitted a joint letter on May 21, 2014, indicating that Defendant

---

[1] I assume the parties' familiarity with the facts of this case.  A more thorough recitation of the facts is set forth in my March 2018 Opinion.  (Doc. 115.)

continued to believe Plaintiffs lacked standing and proposing a briefing schedule for a motion to dismiss the First Amended Complaint. (Doc. 25.) By order filed on May 30, 2014, I, among other things, directed the Clerk's Office to close Defendant's pending motion to dismiss as moot in light of the First Amended Complaint filed by Plaintiffs. (Doc. 27.)

On June 20, 2014, Fifth Third moved to dismiss the First Amended Complaint, again asserting that Plaintiffs lacked standing to assert claims based on alleged injury to DHIP. (*See* Doc. 29.) Rather than seeking to amend the First Amended Complaint, Plaintiffs opposed the motion, arguing that they had standing as individuals to assert each of their claims. (*See* Doc. 31.) I denied the motion to dismiss, (Doc. 33), and the parties proceeded to discovery.

In January 2017, at the conclusion of discovery, Fifth Third moved for summary judgment, renewing its argument that Plaintiffs lacked standing because their claims were derivative in nature. (*See* Doc. 90 at 17–27.) On March 27, 2018, I granted summary judgment in Fifth Third's favor. (Doc. 115.) I found that all of Plaintiffs' claims were "derive[d] entirely from the harm allegedly inflicted by Fifth Third on [DHIP]," and not from any harm inflicted directly on Plaintiffs. (*Id.* at 15.) Because I found Plaintiffs' claims to be derivative in nature, I concluded that Plaintiffs lacked standing to bring them and that the claims were all barred as a matter of law. (*Id.* at 9, 11–15.) On March 27, 2018, the Clerk of the Court entered judgment in favor of Fifth Third, (Doc. 116), and the case was closed.

On April 24, 2018, Plaintiffs filed their motion to vacate my March 2018 Opinion and for leave to file a second amended complaint, along with a memorandum of law and declarations in support. (Docs. 118–21.) Plaintiffs simultaneously filed a notice of appeal with regard to the March 2018 Opinion, which the Second Circuit stayed because of the pendency of Plaintiffs' Rule 60(b) motion. (Docs. 122, 125.) On May 25, 2018, Defendant filed its opposition brief,

(Doc. 126), and on June 13, 2018, Plaintiffs filed a reply and affirmation in further support of their motion, (Docs. 127–28).

## II.    Legal Standards

Plaintiffs request that I vacate my March 2018 Opinion pursuant to Rule 60(b)(6) and grant them leave to amend the First Amended Complaint pursuant to Rule 15(a)(2) to add DHIP as a plaintiff. Defendant argues that my March 2018 Opinion should remain in place because Plaintiffs have not shown that any extraordinary circumstances justify vacating the judgment. I agree with Defendant.

### A.    *Federal Rule of Civil Procedure 60(b)(6)*

Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief." The Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" and should be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established, however, that a 'proper case' for Rule 60(b) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'" (internal citations omitted)). Thus, "[a] motion for relief from judgment is generally not favored." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

In evaluating a Rule 60(b) motion, courts in this circuit require that the evidence in support of the motion be "highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result." *Scott v. Gardner*, 344 F. Supp. 2d 421, 424 (S.D.N.Y. 2004) (citing *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Moreover, "[a] motion under Rule 60(b) is addressed to the

sound discretion of the trial court," *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)), and a Rule 60(b) motion may not be employed to relitigate the merits of a case, *Neimazer*, 793 F.2d at 61.

## B. *Federal Rule of Civil Procedure 15(a)(2)*

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." When a party seeks to supplement its pleadings pursuant to Rule 15(a)(2), the court should freely give leave in the absence of undue delay, bad faith or dilatory motive, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). But where "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Williams v. Citigroup Inc*., 659 F.3d 208, 213 (2d Cir. 2011); *see also State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (opining that where a moving party has an opportunity to assert an amendment earlier but waits until after judgment before requesting leave, "a court may exercise its discretion more exactingly"). Additionally, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). These rules are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971); *see also*

*Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).

**III.    <u>Discussion</u>**

Plaintiffs claim that the "extraordinary circumstance" warranting vacatur of my March 2018 Opinion is the fact that my March 2018 Opinion finding that "Plaintiffs' claims are derivative in nature" and therefore belong to DHIP rather than to the individual Plaintiffs would mean they are "left without a remedy" unless their motion is granted.  (Pls.' Mem. 4.)[2] However, because Plaintiffs fail to provide "highly convincing" evidence in support of their motion and have not shown "good cause for the failure to act sooner," *Scott*, 344 F. Supp. 2d at 424, I find their motion fails to meet the applicable legal standards and their arguments are unavailing.

In support of their Rule 60(b) motion, Plaintiffs rely on a single case, *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001) (per curiam).  Plaintiffs' reliance is misplaced because *LeBlanc* is inapposite.  In *LeBlanc*, two plaintiffs were injured by a motor boat while kayaking in the Upper Hudson River.  *LeBlanc*, 248 F.3d at 97–98.  Although the plaintiffs originally brought suit in the district court based on admiralty jurisdiction, the court, on a motion to dismiss, dismissed the action because the location where the accident occurred was not a "navigable waterway" subject to federal admiralty jurisdiction.  *Id.*  LeBlanc then moved under Rule 60(b)(6) to vacate the court's judgment and for leave to amend the complaint to drop her co-plaintiff from the suit to create diversity jurisdiction.  *Id.* at 98.  The court denied the motion but on appeal the Second Circuit ruled that LeBlanc should have prevailed, finding that "it was reasonable for LeBlanc to wait to drop her non-diverse co-plaintiff until the district court ruled

---

[2] "Pls.' Mem." refers to the Memorandum of Law in Support of Plaintiffs' Motion to Vacate and for Leave to Amend the First Amended Complaint, filed on April 24, 2018.  (Doc. 121.)

that admiralty jurisdiction did not exist," and that "it was in the interest of judicial economy to proceed together with [the co-plaintiff] and to eliminate a non-diverse party only if doing so were essential to jurisdiction." *Id.*

*LeBlanc* differs from the instant matter in several material ways and does not support Plaintiffs' motion to vacate. First, the plaintiffs in *LeBlanc* had two competing theories of jurisdiction and initially avoided invoking diversity jurisdiction because that basis for jurisdiction would have required one of the plaintiffs to drop out of the case. Here, by contrast, Plaintiffs seek to add an entirely new entity that has not been a party to this action.[3] Second, the plaintiff in *LeBlanc* brought her motion during the early stages of the case, whereas in this action Plaintiffs moved late in the proceedings—after the conclusion of discovery and summary judgment motion practice. Third, although the Second Circuit in *LeBlanc* found that the plaintiff's strategy promoted judicial economy, Plaintiffs' decision to wait until they obtained an unfavorable summary judgment ruling before seeking to add DHIP appears to be nothing more than an improper effort to undo the consequences of their litigation strategy. *See, e.g.*, *Am. Tissue, Inc. v. Arthur Andersen, LLP*, No. 02 Civ. 7751(SAS), 2005 WL 712201, at *2–3 (S.D.N.Y. Mar. 28, 2005) (concluding that plaintiff's shift in litigation strategy to remedy a previously identified standing issue was not an extraordinary circumstance warranting Rule 60 relief); *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696 (KAM)(SMG), 2012 WL 6617361, at *4 (E.D.N.Y. Dec. 19, 2012) ("[I]t is well-settled that Rule

---

[3] While Plaintiffs claim they will be left without a remedy if their motion to vacate is denied and they are not permitted to add DHIP to this action, I note that on March 6, 2019, Plaintiffs' counsel filed a separate related case against Fifth Third on behalf of DHIP, styled as *DHIP LLC v. Fifth Third Bank*, 19-cv-2087 (VSB). Thus, contrary to Plaintiffs' assertion, it does not appear that DHIP would be "left without a remedy" if the motion to vacate is denied and thus Plaintiffs have failed to demonstrate how they would experience extreme hardship if their motion were denied. In any event, Plaintiffs' current predicament is one that is based upon their own voluntary actions and decisions after being confronted with Defendant's claim they lacked standing. *See infra.*

60(b)(6) is not a mechanism to undo the consequences of a party's deliberate litigation strategy.").

Plaintiffs were on notice of Defendant's standing argument and the specific contours of that argument soon after the filing of the Complaint, and could have sought leave to add DHIP as a party. Specifically, Defendant previewed its standing argument during the March 13, 2014 pre-motion conference in connection with its anticipated motion to dismiss, (*see* Doc. 14), and then briefed the issue in its motion papers, filed on April 21, 2014, (*see* Doc. 21). Plaintiffs claim that they did not have the authority to have DHIP join the lawsuit as a plaintiff because at all relevant times Centre Asset Management, LLC ("Centre") owned and controlled DHIP and Centre refused to take part in the litigation. (*See* Pls.' Reply 1.)[4] According to Plaintiffs, "[it] is only now that [they] have reacquired DHIP from Centre [and] are able to themselves make the determination to seek leave to assert the claim in DHIP's own name." (*Id.*) As an initial matter, Plaintiffs transferred their membership interests in DHIP to Centre voluntarily after Fifth Third declined DHIP's loan application "because it presented a 'better commercial outcome.'" (Doc. 115 at 6.) Plaintiffs do not state why this voluntary act should not disqualify their circumstances from being considered "extraordinary". They also do not provide a reason (1) why Centre refused to take part in the litigation, and (2) why they did not "reacquire[] DHIP from Centre" earlier. Therefore, I find that the evidence offered by Plaintiffs to support their motion is not "highly convincing" and does not demonstrate "good cause for the[ir] failure to act sooner."[5]

_____

[4] "Pls.' Reply" refers to the Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Vacate and for Leave to Amend the First Amended Complaint, filed on June 13, 2018. (Doc. 127.)

[5] Moreover, to the extent Plaintiffs now argue that "DHIP was beyond their reach [because Centre] owned and controlled DHIP and refused to take part in the litigation" and therefore Plaintiffs had no ability to compel DHIP to join this action until Plaintiffs reacquired DHIP from Centre in April 2018, (Pls.' Reply 1–2), this appears to be a new argument that was not asserted in either Plaintiffs' motion to dismiss or summary judgment papers and is thus unpersuasive, *see Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (noting that a motion to vacate is not an occasion to "advance new facts, issues or arguments not

*Scott*, 344 F. Supp. 2d at 424. Finally—and perhaps of most importance—Plaintiffs' decision to wait to seek leave to add DHIP as a party until after discovery and summary judgment in no way promotes judicial economy, and results in "undue hardship" on Defendant, *Gardner*, 344 F. at 424, since there are a number of legal and factual issues that would be injected into the case if DHIP were added as a plaintiff, (Doc. 126 at 6-7, 10-11).

Plaintiffs cite no other case law in support of their argument and point to no procedurally and/or factually analogous cases in which a Rule 60(b) motion to vacate was granted. Accordingly, because Plaintiffs have failed to demonstrate that extraordinary circumstances justify the extreme judicial relief they request, I decline to exercise my discretion to vacate my March 2018 Opinion. Because I decline to vacate my March 2018 Opinion and re-open this matter, Plaintiffs' request to amend the First Amended Complaint is also denied. *See Ruotolo*, 514 F.3d at 191 ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).").

## IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs' Motion to Vacate and for Leave to Amend the First Amended Complaint is DENIED.

The Clerk of Court is respectfully directed to close the open gavel at Dkt. No. 118.

SO ORDERED.

---

previously presented to the Court" (internal quotation marks omitted)).

Dated: June 6, 2019
     New York, New York

Vernon S. Broderick
United States District Judge